IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLIAM DEEN,   PLAINTIFF**

**V.                                                                              NO. 4:07CV85-P-B**

**CHRISTOPHER EPPS, LAWRENCE KELLY,
PAMELA ROBINSON, CAROLYN WHITE &
LARRY HARDY     DEFENDANTS**

## REPORT AND RECOMMENDATION

On November 13, 2007, the *pro se* plaintiff, William Deen, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint alleges plaintiff was referred to the Behavior Modification Program (BMP) at the Mississippi State Penitentiary after he received an RVR on October 17, 2005, for refusing to give a urine sample. After a disciplinary hearing on November 15, 2005, he was found guilty of the charge and sentenced to the BMP for ninety days. The BMP included close confinement and participation in an alcohol and drug program. Plaintiff claims that approximately two months after he had completed the BMP, his case manager, Defendant Carolyn White, informed him that his BMP completion paperwork had been misplaced and that he would have to remain in close confinement until the matter had been corrected. According to plaintiff, his stay in the BMP included infrequent showers and absolutely no yard call.

Additionally, he had to endure "deplorable" conditions including insect infestations, water leaks and hot temperatures. According to plaintiff, he was in close confinement for a total of 15 months.

At the *Spears* hearing, plaintiff testified that he filed a grievance in the Administrative Remedy Program ("ARP") in February 2007 but never received a response..

As an initial matter, plaintiff did not exhaust the prison's ARP. Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must exhaust administrative remedies before bringing suit in federal court under federal law:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This provision requires complete exhaustion in accordance with the administrative procedures within the Mississippi Department of Corrections ("MDOC"). Exhaustion is required even when a prisoner seeks a remedy that cannot be awarded by such administrative procedures. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed. 2d 958 (2001).

Notwithstanding the forgoing, Plaintiff has alleged no wrongdoing on the parts of Defendants Christopher Epps, Pamela Robinson, Larry Hardy and Lawrence Kelly. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Likewise, Plaintiff has not stated a claim against Carolyn White. Plaintiff did not have a

protected liberty interest in his classification or housing. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (finding no liberty interest in prison classification). Therefore, because custodial classification and housing are not claims of constitutional dimension, they cannot be brought in a § 1983 action.

Based on the foregoing, it is my recommendation that plaintiff's Complaint be dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 13th day of November, 2007.

                         **/s/ Eugene M. Bogen**
                         **UNITED STATES MAGISTRATE JUDGE**